

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00292-CV

_____

IN THE INTEREST OF K.V., A CHILD

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-746262-24

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

In this ultra-accelerated appeal,[1] Appellant K.L. (Mother)[2] appeals the trial court's order terminating her parent–child relationship with her daughter K.V. (Daughter).[3] The trial court found that the Department of Family and Protective Services (the Department) had proved four conduct-based grounds for termination of Mother's parental rights and that termination was in Daughter's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (L), (N), (b)(2). The trial court awarded permanent managing conservatorship of Daughter to the Department. Mother timely appealed.

## II. BACKGROUND

Mother's appointed appellate counsel has filed a brief asserting that Mother's appeal is "without merit and frivolous." *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—

---

[1]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate courts to dispose of appeals from judgments terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]To protect the child's identity, we refer to her and her parents by their familial relationship. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[3]Daughter's parent–child relationship with L.A. (Father) was also terminated, but no appeal was filed on Father's behalf. Neither Father nor Mother appeared at the termination trial. Father signed and filed an "Affidavit of Voluntary Relinquishment of Parental Rights to the Department of Family and Protective Services." *See generally* Tex. Fam. Code Ann. § 161.001(b)(1)(k).

Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to advance on appeal.

We provided Mother the opportunity to obtain a copy of the appellate record and to file a pro se response, but she has not done so. The Department has declined to file a responsive brief.

### III. DISCUSSION

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the *Anders* brief itself and, if filed, any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's *Anders* brief and the appellate record. Having found no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the

3

trial court's order terminating the parent–child relationship between Mother and Daughter.

Mother's counsel did not file a motion to withdraw, and the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pet. denied). Accordingly, Mother's counsel remains appointed through proceedings in the Texas Supreme Court unless otherwise relieved. *See P.M.*, 520 S.W.3d at 27–28; *see also* Tex. Fam. Code Ann. § 107.016(2)(C).

## IV. CONCLUSION

We agree with counsel that Mother's appeal is frivolous; thus, we affirm the trial court's termination order.

/s/ Dana Womack

Dana Womack
Justice

Delivered: October 16, 2025

4